

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-27-2005

# USA v. Jimenez-Calderon

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-3738

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"USA v. Jimenez-Calderon" (2005). *2005 Decisions.* Paper 964.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/964

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 03-3738

UNITED STATES OF AMERICA

v.

ANTONIA JIMENEZ-CALDERON,
a/k/a MIRIAM CORTEZ,
a/k/a MIRIAM GARCIA,
a/k/a BONIFACIO

Antonia Jimenez-Calderon,

Appellant

———————

On appeal form the United States District Court
for the District of New Jersey
District Judge: The Honorable Faith S. Hochberg
District Court No. 02-00553-3

———————

Argued June 16, 2004

Before: ALITO and SMITH, Circuit Judges, and
DUBOIS, District Judge[1]

(Filed: June 27, 2005)

———

[1]The Honorable Jan E. DuBois, Senior United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

OPINION OF THE COURT

Chester M. Keller, Esq. (Argued)
First Assistant Federal Public Defender
972 Broad Street
Newark, New Jersey 07102

Counsel for Appellant

Sabrina G. Comizzoli
Assistant U.S. Attorney
George S. Leone
Chief, Appeals Division
U.S. Attorney's Office
970 Broad Street
Newark, New Jersey 07102

Counsel for Appellee

DUBOIS, District Judge:

Appellant, Antonia Jimenez-Calderon, pled guilty to Counts One and Fourteen of the Superceding Indictment in this case on January 17, 2003. Count One charged appellant and four of her co-conspirators with conspiracy (a) to provide and obtain labor and services of underage Mexican girls by threats of serious harm and physical restraint, contrary to 18 U.S.C. § 1589, and (b) to recruit, harbor, transport, provide and obtain underage Mexican girls, knowing that force, fraud and coercion would be used to cause the girls to engage in commercial sex acts, affecting interstate commerce, contrary to 18 U.S.C. § 1591(a), in violation of 18 U.S.C. § 371. Count Fourteen charged appellant and

three of her co-conspirators with commercial sex trafficking by force, fraud and coercion affecting interstate commerce in violation of 18 U.S.C. §§ 1597(a)(1) and (2). On August 7, 2003, the district court sentenced appellant, *inter alia*, to imprisonment for a term of 210 months.

Appellant challenges only her sentence in this appeal. Specifically, she raises the following arguments:

1. The district court erred in enhancing the offense level under U.S.S.G. § 2G1.1(b)(4) (B) for "otherwise unduly influencing a minor to engage in a commercial sex act" on the ground that such conduct was incorporated into the base offense level calculation under U.S.S.G.
§ 2G1.1(b)(1);

2. The district court erred in applying a 2-level vulnerable victim enhancement pursuant to U.S.S.G. § 3A1.1; and,

3. The district court erred in determining that defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive pursuant to U.S.S.G. § 3B1.1.

Appellant's sentence was imposed prior to the Supreme Court decision in *United States v. Booker*, 125 S. Ct. 738 (2005). In *Booker*, the Supreme Court declared that the United States Sentencing Guidelines are only advisory. *Id*. at 757. As a result, appellant's sentence may have been affected by the district court's treatment of the

Guidelines as mandatory.

Pursuant to the Court's Notice dated February 17, 2005, appellant submitted a letter pursuant to Federal Rule of Appellate Procedure 28(j) on March 4, 2005, in which she stated she wants to challenge her sentence under *Booker*, and the government responded.

This Court concludes that the sentencing issues appellant raises and her challenge to her sentence under *Booker* are best determined by the district court in the first instance. Therefore, we will vacate the sentence and remand for re-sentencing in accordance with *Booker*.